UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOEY JEANSONNE,<br><br>        Plaintiff,<br><br>    v.<br><br>IDEA BUYER, LLC et al.,<br><br>        Defendants. | Case No. 2:18-cv-01060-RFB-CWH<br><br>**ORDER** |

### I. INTRODUCTION

Before the Court is Plaintiff's Motion for Remand & Sanctions (ECF No. 11). Having reviewed the record, the Court finds good cause to GRANT the Motion as to remand and DENY the Motion as to sanctions.

### II. FACTUAL FINDINGS

This case arises from a dispute regarding the marketing of an invention. Plaintiff claims that the Defendant breached an agreement regarding the marketing and exploitation of the invention or product. The Complaint and the Petition for Removal do not identify specific or cognizable damages above $75,000. Plaintiff alleges in the Complaint that he made payments of approximately $7,500 toward the partnership that he was fraudulently induced to enter. Defense counsel has suggested that the parties had conversations, without specific identification of particular damages, regarding settlement amounts above $75,000.

Plaintiff sued Defendants in state court on May 11, 2018. On June 12, 2018, Defendants removed this case to federal court.

## III. LEGAL STANDARD

A defendant may remove a matter first filed in state court to a federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over actions where the matter in controversy is greater than $75,000 if there is complete diversity between the plaintiff and each defendant. 28 U.S.C. § 1332(a).

Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted). A federal court should remand a case to state court if any doubt exists as to the right to removal. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted). Further, when "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1121–22 (9th Cir. 2013).

## IV. DISCUSSION

The Court finds that Defendants have not sufficiently established the amount in controversy in this case. The Complaint does not identify nonspeculative damages in excess of $75,000 in this case. Defendants' reference to inchoate settlement discussions and potential settlement amounts that are untethered to specific damages is insufficient to establish the amount in controversy. The Court finds that the Defendant's assertion of an amount in controversy in excess of $75,000 is speculative and does not satisfy its burden.

The Court does not find, however, a basis for sanctions in this case. Based upon the record, the Court does not find that the Petition for Removal was filed without any factual foundation. Zaldivar v. City of Los Angeles, 780 F.2d 823, 831. (9th Cir. 1986).

**V. CONCLUSION**

**IT IS ORDERED** that Plaintiff's Motion to Remand (ECF No. 11) is GRANTED. The Request for sanctions is DENIED. The Clerk of the Court is instructed to remand this matter to the state court and close this case accordingly.

DATED: March 7, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**